Dear Mrs. Price.
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Can the Republican Parish Executive Committee of Bossier have a joint office with the Republican Parish Executive Committee of Caddo if the committees split the cost and each pays the telephone company and building owner directly?
Before your question can be answered, it is important that we address the issue of what is defined as a political committee. You state that the Republican Parish Executive Committee of Caddo (Caddo PEC) has registered as a political committee, but that the Republican Parish Executive Committee of Bossier (Bossier PEC) has not registered. We believe this is an error on the part of the Bossier PEC. According to the Election Campaign Finance statutes found in Title 18 of the Louisiana Revised Statutes, a parish executive committee which receives contributions or makes expenditures in excess of $500 within any calendar year is considered a political committee for purposes of election campaign finance rules. Section 1483(14)(a) defines a political committee as follows:
 (14)(a)(i) "Political committee" or "committee" means two or more persons, other than a husband and wife, and any corporation organized for the primary purpose of supporting or opposing one or more candidates, propositions, recalls of a public officer, or political parties, which accepts contributions in the name of the committee, or makes expenditures from committee funds or in the name of the committee, or makes a transfer of funds to or receives a transfer of funds from another committee, or receives *Page 2 or makes loans in an aggregate amount in excess of five hundred dollars within any calendar year.
(Emphasis added).
 (ii) "Political committee" or "committee" shall also include two or more persons, other than a husband or wife, and any corporation which supports or opposes one or more candidates, propositions, recalls of a public officer, or political parties, and which accepts direct payments for personal services related to an election or a campaign in the name of the committee in an aggregate amount in excess of five hundred dollars within any calendar year. Except that an entity that (aa) holds a license or permit duly issued by the appropriate governmental entity to provide the personal services provided, regularly does business in the area, and regularly has done business in the area for at least ninety days prior to the date the personal services are provided and (bb) the personal services provided are the same as the personal services regularly provided by the business in the normal and usual scope of its usual business activities shall not constitute a "political committee" for purposes of the requirements of R.S. 18:1491.1 through 1491.8 which would require such an entity to keep records and submit reports.
 (iii) Any state central committee, parish executive committee, and any other committee of any political party which receives contributions or makes expenditures in such amount during such period shall be considered a "political committee" for the purposes of this Chapter. (Emphasis added).
Although the Bossier PEC has not registered, it is the opinion of this office that the general provisions of the election campaign finance statutes require the Bossier PEC to do so.
The statute which describes how to register your committee is La. R.S. 18:1491.1 which states:
 § 1491.1 Registration of political committees
 A. Each political committee, including a subsidiary committee, which knows or anticipates that it will receive contributions or loans, make expenditures or loans, or make a transfer of funds to or receive a transfer of funds from another committee during a calendar year in the aggregate amount exceeding five hundred dollars shall file a statement of organization with the supervisory committee annually after January 1 and no later than January 31 of each calendar year. Any such committee organized after *Page 3 
January 31 shall file the required statement of organization no later than the tenth day after its organization. Any committee which, after January 31, knows or anticipates that it will receive contributions, loans, or transfers of funds or make expenditures, loans, or transfers of funds in the aggregate in excess of five hundred dollars during the calendar year shall file the required statement of organization within ten days after the date on which it has information which causes it to know or anticipate that it will receive contributions, loans, or transfers of funds or make such expenditures, loans, or transfers of funds. If a political committee which knows or anticipates that it will receive contributions, loans, or transfers of funds or make expenditures, loans, or transfers of funds in the aggregate in excess of five hundred dollars during a calendar year, is organized within ten days prior to any election, it shall file the statement of organization required by this Section no later than the third day after such organizing. Any committee required to file supplemental reports under the provisions of R.S. 18:1491.6 shall file the annual statement of organization. The supervisory committee shall issue a certificate of registration to each committee which submits the statement required by this Subsection.
 B. The statement of organization shall include:
 (1) The name of the committee, and the address of the committee, or if its chairman if the committee has no address.
 (2) The names, addresses, and relationships of affiliated organizations.
 (3) The name and address of the campaign treasurer of the committee, if any, and of any deputy campaign treasurers of the committee.
 (4) The name and address of the committee chairman and the name, address, and position of other principal officers and directors of the committee, if any.
 (5) A statement, if applicable, that the committee is a principal campaign committee and the candidate by whom it is designated as a principal campaign committee, if any, or a statement if applicable, that the committee is a subsidiary committee and the committee or candidate by whom it is designated as a subsidiary committee. *Page 4 
 (6) A listing of all banks, safety deposit boxes, or other depositories used for committee funds.
 (7) The estimated number of members of the committee.
 (8) Certification of membership as required by R.S. 18:1505.2(H)(2)(b), if applicable.
 (9) A statement, if applicable, that the committee has elected to file monthly reports pursuant to R.S. 18:1491.6(1).
 C. Any change in information previously submitted in the annual statement of organization shall be reported to the supervisory committee within ten days following the change.
 D. No committee shall receive contributions or loans, make expenditures or loans or make a transfer of funds to or receive a transfer of funds from another committee in the aggregate in excess of five hundred dollars in any calendar year until it has filed the annual statement of organization required by this Section. Any committee which violates the provisions of this Subsection shall be subject to the penalties provided in R.S. 18:1505.5 and R.S. 18:1505.6.
 E. The supervisory committee is hereby authorized to impose a fee not to exceed the amount of one hundred dollars for each statement required to be filed under this Section to be remitted to the supervisory committee together with the statement on or before the time the statement is required to be filed. Any statement submitted without the proper fee shall be deemed as not being properly submitted to the supervisory committee. All fees collected hereunder shall be used solely by the supervisory committee for the enforcement of the provisions of this Chapter, as appropriated by the legislature.
If you should need any additional information about registering the Bossier PEC, you should contact the office of the Louisiana Secretary of State.
Also, financial information about your committee must be filed in a disclosure report. La. R.S. 18:1484(3) requires political committees to file reports of all financial activity. When the Bossier PEC registers as a political committee, it is suggested that you ask the Secretary of State to send information on how and when to file disclosure reports. *Page 5 
With regard to your question about whether or not the Bossier PEC and the Caddo PEC can maintain a joint office, we are of the opinion that this is allowed. We find nothing in the campaign finance statutes which prohibits the two committees from having a joint office.
Your committee can pay its share for the office in one of two ways. Your committee can transfer funds to the Caddo PEC to pay for its share of the office with the funds reported as a transfer of funds between political committees, or you can continue to pay directly to the telephone company and the building owner and report the funds as a expenditure. According to La. R.S.18:1483(6)(c)(iii) and (9)(d)(iii), a transfer of funds between political committees is not classified as a contribution to one committee nor as an expenditure from the other, but a record of this transfer must be kept and included in your respective political committee campaign finance reports. This is required by La. R.S. 18:1491.5(A) and (G)(2) and by Section 1491.7(A) and (B)(18) which are as follows:
 § 1491.5. Maintenance of records; valuation of in-kind contributions and expenditures
 A. The chairman of each political committee and the campaign treasurer, if the chairman does not act as campaign treasurer, shall be responsible for providing and maintaining such records of campaign finances as are necessary to comply with the provisions of this Part, including but not limited to the records specifically required by this Section.
 G. A record shall also be kept of:
 * * *
 (2) All transfers of funds to or from another committee, the name and address of the committee to or from which the transfer is made and the date and amount thereof.
 § 1491.7 Reports; contents
 A. Unless otherwise specifically provided, each report required by this Part shall contain the following information: (1) the name and address of the political committee for whom the report is filed; (2) the name and address of the treasurer completing the report; (3) the names and addresses of the committee chairman and of the other principal officers; (4) the name, address, office sought, and party affiliation of each candidate whom the committee is supporting or opposing, and a designation as to whether such committee is supporting or opposing such candidate; (5) whether the committee is supporting or opposing the entire ticket of any *Page 6 
party, and, if so, the name of the party; (6) if the report is for a principal campaign committee, a statement that the committee is a principal campaign committee and the name of the candidate, if any, and of all subsidiary committees for whom the principal campaign committee is reporting and the address of such committees, or if a committee has no address, the address of the committee chairman.
 B. Each report required to be in conformity with this Section shall contain the following information:
 (18) The name and address of each political committee to which the reporting political committee made a transfer of funds, during the reporting period, and the date and amount of each such transfer.
While it is permissible to transfer funds between political committees when both are registered and report the transfer in their campaign finance reports, we find no prohibition against the Caddo PEC and the Bossier PEC sharing an office with each paying its pro rata share of the telephone service and rent directly to the telephone company and to the building owner. If you elect to continue this practice, the Bossier PEC must register as a political committee and keep records of all expenditures, which include the telephone and rent. These expenditures must be reported in the campaign finance report. According to La. R.S. 18:1491.5(B):
 B. (3) The campaign treasurer of each political committee shall also keep such records of campaign expenditures made or contracted as shall be necessary to comply with the provisions of this Part, including the name and address of the person or firm from whom goods or services were purchased or contracted, the date, the amount or value and the purpose of the expenditure, a description of the goods or services purchased or contracted, and a description and valuation of all in-kind expenditures.
Also, La. R.S. 18:1491.7(A) gives the requirements for the contents of the committee finance report and (B)(3) states expenditures must be included.
Section 1491.7(B)(3) is as follows:
 B. Each report required to be in conformity with this Section shall contain the following information:
 (3) For purposes of all reports required by this Chapter, all contributions received by or transferred to a campaign treasurer *Page 7 
or a deputy treasurer of a political committee, and all expenditures made by a campaign treasurer or a deputy treasurer of a political committee or by any other person on behalf of the committee, shall be considered contributions or expenditures of the political committee. (Emphasis added).
In summary, the Bossier PEC must register with the Secretary of State as a political committee. There is no prohibition against the Bossier PEC and the Caddo PEC sharing an office if campaign finance reporting requirements are met.
We trust this sufficiently answers your question. However, if you should need additional information, do not hesitate to contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ________________________________
 FRANCES J. PITMAN
 Assistant Attorney General